UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER WILLIAMS, JR.,<br><br>   Plaintiff,<br><br> v.<br><br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>   Defendants. | Civil Action No. 23-0401 (ACR) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants, the Department of Justice and its component agency the United States Marshals Service ("USMS"), by and through undersigned counsel, move for summary judgment in this action, which arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In support, Defendants rely on the accompanying Memorandum of Law, Statement of Material Facts as to Which There is No Genuine Dispute, and the Declaration of Kathleene Molen.

Dated: September 7, 2023    Respectfully submitted,

                 MATTHEW M. GRAVES, D.C. Bar #481052
                 United States Attorney

                 BRIAN P. HUDAK
                 Chief, Civil Division

          By: /s/_____
                 JOHN MOUSTAKAS, DC BAR #442076
                 Assistant United States Attorney
                 601 D Street, N.W.
                 Washington, D.C. 20530
                 (202) 252-2518
                 john.moustakas@usdoj.gov

                 *Counsel for Defendants*
                 *el for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER WILLIAMS, JR.<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE, et al.,<br><br>Defendant. | Civ. A. No. 23-401 (ACR) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

This action pertains to a request submitted to the United States Marshals Service ("Marshals Service") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records pertaining to certain law enforcement officers and a third-party. As demonstrated below, the Marshals Service conducted an adequate search and, pursuant to FOIA Exemptions 6 and 7(C), properly declined to confirm or deny the identity of law enforcement officers. Because the Marshals Service has satisfied its obligations under the FOIA, the Marshals Service respectfully requests that the Court grant its Motion for Summary Judgment.

**LEGAL STANDARDS**

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact. *See id.* at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon

the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of U.S. Trade Rep.,* 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of Just.,* 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (quoting *Defenders of Wildlife v. Border Patrol,* 623 F. Supp. 2d 83, 87 (D.D.C. 2009)). A court reviews an agency's response to a FOIA request *de novo.* 5 U.S.C. § 552(a)(4)(B). "The defendant in a FOIA case must show that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information." *Light v. Dep't of Just.,* 968 F. Supp. 2d 11, 23 (D.D.C. 2013).

A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA,* 697 F.2d 1095, 1102 (D.C. Cir. 1983). "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Labor,* 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible'" *Media Rsch.,* 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State,* 565 F.3d 857, 862 (D.C. Cir. 2009)). Courts give agency declarations "a presumption of good faith, which cannot be

rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

## ARGUMENT

### I. The Marshals Service Properly Issued a *Glomar* Response for Part One of the Request.

In response to Plaintiff's request part (1) for records regarding "[t]he name of the Marshals from Columbia SC" who assisted New York Police Department ("NYPD") Detective Steven Snieder and Thomas Handley in or around July – September 2018 to locate David Walker, the Marshals Service properly responded that, pursuant to Exemptions 6 and 7(C), it could neither confirm nor deny the existence of such records—i.e., it offered a *Glomar* response. *See* Decl. of Kathleene Molen ("Molen Decl.") ¶¶ 12, 17, Exs. A & E.

#### A.      Exemption 7 Threshold

FOIA Exemption 7 protects from mandatory disclosure "records or information compiled for law enforcement purposes," to the extent that disclosure could result in one of the six harms enumerated in subparts (A) through (F) of the exemption. *See* 5 U.S.C. § 552(b)(7). As such, judicial review of an agency's withholding under FOIA Exemption (b)(7) "requires a two-part inquiry." *FBI v. Abramson*, 456 U.S. 615, 622 (1982). First, the relevant information must have been "compiled for law enforcement purposes." *Id.* A record is compiled for law enforcement purposes if: (1) the activity that gives rise to the documents is related to the enforcement of federal laws or the maintenance of national security; and (2) the nexus between the activity and one of the agency's law enforcement duties is based on information that supports at least a "colorable claim" of its rationality. *See Keys v. Dep't of Just.,* 830 F.2d 337, 340 (D.C. Cir. 1987); *Pratt v. Webster*, 673 F.2d 408, 420-21 (D.C. Cir. 1982). Courts assume that "criminal law enforcement agency"

records are for law enforcement purposes because government agencies "typically go about their intended business," and courts apply a "more deferential attitude toward [their] claims of 'law enforcement purpose.'" *Id.* at 418-19. The Marshals Service is such an agency. *See Pichardo-Martinez v. U.S. Marshals Serv.*, 2020 U.S. Dist. LEXIS 185792, *13-14 (D.D.C. Oct 7, 2020).

### B. *Glomar* Response and Exemptions 6 and 7(C)

Generally, when an agency receives a FOIA request, it must conduct a reasonable search for responsive agency records, acknowledge the existence or nonexistence of any responsive records found in the search, produce the non-exempt portions of any responsive records, and provide an explanation of why any responsive records were withheld under applicable FOIA exemptions. *See ACLU v. CIA*, 710 F.3d 422, 426 (D.C. Cir. 2013). In certain circumstances, however, confirming or denying whether the agency has any responsive records may itself disclose matters that are protected from public disclosure under an applicable FOIA exemption. In those circumstances, an agency may properly refuse to confirm or deny whether it has any records responsive to the FOIA request. *Id.* Neither confirming nor denying the existence of responsive records is referred to as a "*Glomar*" response, after a seminal case in which the CIA neither confirmed nor denied whether it had records about a ship called the "*Glomar Explorer.*" *See Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976). Where the harm justifying a *Glomar* response would attach only if the agency were to confirm the existence of responsive records, the agency may nonetheless issue a *Glomar* response to maintain the uncertainty—i.e., neither confirming nor denying the fact—that is essential to *Glomar*'s efficacy. *People for the Ethical Treatment of Animals v. Nat'l Insts. of Health*, 745 F.3d 535, 540 (D.C. Cir. 2014).

Part (1) of Plaintiff's request sought the following: "the name of the Marshals from Columbia S.C. who assisted Detective NYPD Steven Snieder and Thomas Handley in or around July – September 2018 in locating Mr. David Walker." Molen Decl. ¶ 12, Ex. A.  Here, the

Marshals Service properly refused to confirm or deny the identity of Marshals Service and NYPD law enforcement officers. *See* Molen Decl. ¶ 27, Ex. E. Merely confirming or denying the identity of these individuals would trigger harm under FOIA Exemptions 6 and 7(C).

No search is required where an agency offers a *Glomar* response, as "the nature of a *Glomar* response" is to "narrow[ ] the FOIA issue to the existence of records *vel non*." *Wolf v. CIA*, 473 F.3d 370, 374 n.4 (D.C. Cir. 2007). As narrowed, "there are no relevant documents for the court to examine other than the affidavits which explain the Agency's refusal" to confirm or deny the existence of responsive records. *Id.* Therefore, requiring the Marshals Service to conduct a search would be a meaningless exercise. *Project for Priv. & Surveillance Accountability, Inc. v. Dep't of Just.*, Civ. A. No. 20-3657 (BAH), 2022 WL 4365745, at *6 (D.D.C. 2022).

FOIA Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Likewise, FOIA Exemption 7(C) protects "records or information compiled for law enforcement purposes" when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). "Exemption 7(C) . . . . is somewhat broader than Exemption 6, which requires proof of a 'clearly unwarranted invasion of personal privacy.'" *Roth v. Dep't of Just.*, 642 F.3d 1161, 1173 (D.C. Cir. 2011). Where the information in question was compiled for law enforcement purposes, courts "have no need to consider Exemption 6 separately because all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)." *Id.* It is settled that Exemption 7(C) protects the privacy interests of *all* persons mentioned in law enforcement records. *See Schrecker v. Dep't of Just.*, 349 F.3d 657, 661 (D.C. Cir. 2003).

Under both Exemptions 6 and 7(C), the agency must engage in a balancing test to determine whether the public interest in disclosure is outweighed by a significant private interest in non-disclosure. *See Am. Immigr. Lawyers Ass'n v. Exec. Off. for Immigr. Review,* 830 F.3d 667, 673-74 (D.C. Cir. 2016). The "only relevant public interest . . . to be weighed in this balance is the extent to which disclosure would serve the core purpose of FOIA, which is contribut[ing] significantly to the public understanding of the operations or activities of the government." *Dep't of Def. v. Fed. Labor Rels. Auth.*, 510 U.S. 487, 495 (1994).

Here, the Marshals Service conducted the requisite balancing test. On the privacy side of the analysis, the Marshals Service refused to confirm or deny the names of law enforcement officers because the disclosure of such information could subject these law enforcement officers to harassment and unwelcome contact. *See* Molen Decl. ¶¶ 32-33. The confirmation and release of information identifying elaw enforcement officers in connection with a particular investigation could trigger hostility toward the Marshals Service and partnering agency personnel. *Id.* Individuals targeted by investigations and related proceedings could seek to harass or threaten these law enforcement officers based on their participation in an investigation. *Id.* On the public interest side of the analysis, Plaintiff has not established a public interest for the information requested. It is also equally clear that the confirmation and disclosure of this identifying information would not significantly contribute to the public's understanding of how the Marshals Service carries out its statutory duties. *See McGehee v. Dep't of Just.*, 800 F. Supp. 2d 220, 234 (D.D.C. 2011) (only "relevant question" is whether names of )aw enforcement officers would shed light on the FBI's performance of its statutory duties). Identifying information pertaining to law enforcement officers is routinely withheld under FOIA Exemption 7(C) absent the showing of a significant public interest. *See Kurdyukov v. Coast Guard*, 657 F. Supp. 2d 248, 255-56 (D.D.C.

2009)) (recognizing that third-party information is categorically exempt from disclosure absent an overriding public interest"). Accordingly, the Marshals Service's *Glomar* response pursuant to FOIA Exemptions 6 and 7 (C) was appropriate.

## II. The Marshals Service Performed a Reasonable Search for the Remaining Parts of the Request

The Marshals Service fulfilled its obligation to search for records responsive to the portions of Plaintiff's FOIA request as to which the Service did not provide a *Glomar* response. An agency is entitled to summary judgment in a FOIA case with respect to the adequacy of its search if it shows "'that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information.'" *Clemente v. FBI*, 867 F.3d 111, 117 (D.C. Cir. 2017) (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (cleaned up).

A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs.*, 926 F.2d at 1201; *see Jud. Watch, Inc. v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) ("[p]erfection is not the standard by which the reasonableness of a FOIA search is measured"). It is appropriate for an agency to search for responsive records in accordance with the manner in which its records systems are indexed. *Greenberg v. Dep't of Treasury*, 10 F. Supp. 2d 3, 13 (D.D.C. 1998). FOIA does not require that an agency search every division of every field office on its own initiative in response to a FOIA request if responsive documents are likely to be located in a particular place. *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978). Nor does FOIA require that an agency search every record system. *Oglesby*, 920 F.2d at 68.

Where an agency affidavit attests that a reasonable search was conducted, the agency is entitled to a presumption of good faith. *Defenders of Wildlife v. Dep't of Interior,* 314 F. Supp. 2d 1, 8 (D.D.C. 2004). "To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search." *Defenders of Wildlife v. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009). Applying these principles, the Marshals Service is entitled to summary judgment with respect to the adequacy of its search.

Here, there is no material doubt that the searches performed were adequate under the FOIA. As explained in the Marshals Service's declaration, based upon Plaintiff's FOIA request, the Marshals Service conducted searches in the District of South Carolina, the district the most likely to house records potentially responsive to Plaintiff's FOIA request. *See* Molen Decl. ¶ 19. In parts (2), (3) and (4) of the request, Plaintiff sought the following records:

(2)  Any/all documentation signed by NYPD [New York Police Department] Detective Steven Snieder and Thomas Handley when making the request for the [Marshals Service] assistance when they traveled to Columbia S.C.;

(3)  Any/all reports generated by the two [Marshals] that assisted NYPD Detectives Steven Snieder and Thomas Handley during that travel to Columbia S.C.; and

(4)  Documentation as to where the [Marshals] that assisted NYPD Detective Steven Snieder and Thomas Handley ultimately met and spoke with David Walker indicating if there was any audio and video recordings made or records kept from their conversation.

*Id.* ¶ 12, Ex. A.

The District of South Carolina conducted a search in both the Justice Detainee Information System ("Detainee System") and in another database, Capture, for records responsive to Plaintiff's request. *Id.* ¶¶ 20, 25. As explained by the Marshals Service, the Detainee System "was designed to serve the needs of [Marshals Service] criminal investigators, administrative analysts, and supervisory personnel." *Id.* ¶ 21. The information stored in this system "includes identifying data, incident reports, information identifiable to informants, protected witnesses, confidential sources,

and contact information for law enforcement personnel." *Id.* Since 2016, the Marshals Service has been migrating multiple legacy systems, including the Detainee System, to the enhanced Capture system. *Id.* ¶ 22. Capture is the Marshals Service's "single, integrated system which provides a comprehensive view of [Marshals Service] data centered around Prisoner Management, Security Management and Investigations." *Id.*

Based on the information provided by Plaintiff, the Marshals Service found no records responsive to parts (2), (3) and (4) of the request. *Id.* ¶¶ 23, 25. The identifiers provided on the signed DOJ-361 Form located no responsive records concerning Mr. Walker. *Id.* ¶ 23. The District of South Carolina explained that, with respect to parts (2) and (3) of the request, "it would not assist the NYPD on a case unless it had been asked, through a collateral lead request from one [of the Marshals Service's] New York district offices, to do so." *Id.* ¶ 24. Accordingly, the District of South Carolina searched in the Detainee System and in Capture for all incoming collateral lead requests from July 1, 2018, through September 30, 2018, which is the timeframe provided by Plaintiff in part (1) of his request. *Id.* ¶ 25. It located ninety-one collateral lead requests within this timeframe, of which four involved the NYPD. *Id.* Having reviewed these four collateral lead requests, it confirmed that none of them pertained to the individuals named in Plaintiff's request. *Id.*

Considering the above, the Marshals Service conducted a search reasonably calculated to locate the records responsive to parts (2), (3) and (4) of Plaintiff's request. The Marshals Service "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information requested." *Clemente*, 867 F.3d at 117. It is of no moment that no responsive records were found. *See SafeCard Servs.*, 926 F.2d at 1201. Thus, the Marshals Service is entitled to summary judgment with respect to the adequacy of its search.

## CONCLUSION

For the above reasons, Defendants respectfully request that the Court grant this motion for summary judgment.

Dated: September 7, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:    /s/_____
JOHN MOUSTAKAS, DC BAR #442076
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| ALEXANDER WILLIAMS, JR. | |
|---|---|
| Plaintiff, | |
| v. | Civil Action No. 23-401 (ACR) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | |
| Defendant. | |

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Civil Rule 7(h), Defendants, the Department of Justice and its component agency the United States Marshals Service ("USMS"), by and through undersigned counsel, respectfully submit the following "Statement of Material Facts Not in Dispute."

| DEFENDANTS | PLAINTIFF |
|---|---|
| **1.** On or about October 20, 2022, the USMS received a FOIA request from Plaintiff dated October 10, 2022. *See* Molen Decl. ¶ 11, Ex. A. | |
| **2.** Part (1) of the request sought the name of the Marshals from Columbia S.C. who assisted Detective NYPD Steven Snieder and Thomas Handley in or around July – September 2018 in locating Mr. David Walker. *Id.* ¶ 12, Ex. A. | |
| **3.** Part (2) of the request sought any/all documentation signed by NYPD Detective Steven Snieder and Thomas Handley when making the request for the USMS assistance when they traveled to Columbia S.C.. *Id.* ¶ 12, Ex. A. | |
| **4.** Part (3) of the request sought any/all reports generated by the two USMS that assisted NYPD Detectives Steven Snieder and | |

| | |
|---|---|
| Thomas Handley during that travel to Columbia S.C.. *Id.* ¶ 12, Ex. A. | |
| **5.** Part (4) of the request sought documentation as to where the USMS that assisted NYPD Detective Steven Snieder and Thomas Handley ultimately met and spoke with David Walker indicating if there was any audio and video recordings made or records kept from their conversation. *Id.* ¶ 12, Ex. A. | |
| **6.** By letter dated October 25, 2022, the USMS acknowledged receipt of the request and assigned it FOIA Request Number: 2023-USMS-000032. *Id.* ¶ 13, Ex. B. | |
| **7.** In its letter dated October 25, 2022, the USMS indicated that it could neither confirm nor deny that it possessed records without a properly executed privacy waiver, Form DOJ-361. *Id.* ¶ 13, Ex. B. | |
| **8.** On November 17, 2022, the USMS received a signed DOJ-361 for records pertaining to Mr. Walker dated November 2, 2022. *Id.* ¶ 15, Ex. C. | |
| **9.** Plaintiff submitted an administrative appeal to the Office of Information Policy ("OIP"), which OIP closed on December 14, 2022, as the USMS had made no adverse determination. *Id.* ¶ 16, Ex. D. | |
| **10.** By letter dated December 15, 2022, the USMS issued a *Glomar* response indicating that it could neither confirm nor deny that records existed pertaining to the third parties because such an acknowledgment would constitute a clearly unwarranted invasion of personal privacy pursuant to FOIA Exemptions 6 and 7(C). *Id.* ¶ 17, Ex. E. | |
| **11.** Mr. Williams submitted a new administrative appeal to OIP, which OIP affirmed the USMS's determination on April 11, 2023. *Id.* ¶ 18, Ex. F. | |

Dated: September 7, 2023                     Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   /s/_____
JOHN MOUSTAKAS, DC BAR #442076
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2518
john.moustakas@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER WILLIAMS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF JUSTICE, *et al.*, )<br>)<br>Defendants. )<br>) | Civ. A. No. 23-401 (ACR) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 7, 2023, the foregoing Motion for Summary Judgment was caused to be served on Plaintiff via postage prepaid first-class mail to:

Alexander Williams, Jr.
# 1411801632
G.R.V.C.
09-09 Hazen Street
East Elmhurst, NY 11370


/s/_____
JOHN MOUSTAKAS
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER WILLIAMS, JR., | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No. 23-0401 (ACR) <br> ) |
| DEPARTMENT OF JUSTICE, *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

### [PROPOSED] ORDER

Upon consideration of Defendants' motion for summary judgment, and the oppositions and replies thereto, and the entire record, it is hereby

**ORDERED** that Defendants' motion for summary judgment is GRANTED;

**ORDERED** that judgment is entered for Defendants.


Dated:_____          _____
                                                                       UNITED STATES DISTRICT JUDGE